1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11
----oo0oo----

12

13
SHIRLEY GARNETT, on behalf of
herself and all others
similarly situated,

14
            Plaintiff,

15

16
      v.

17
ADT LLC, and Does 1 through
50, inclusive,

18
            Defendants.

19

CIV. NO. 2:14-02851 WBS DAD

MEMORANDUM AND ORDER RE: CROSS-
MOTIONS FOR SUMMARY JUDGMENT

20
----oo0oo----

21
        Plaintiff Shirley Garnett brought this putative class

22
action against defendant ADT LLC, asserting claims arising out of

23
the alleged failure to reimburse her and others for work-related

24
expenses and failure to provide accurate wage statements required

25
by California law.  Defendant removed the action from San Joaquin

26
County Superior Court under the Class Action Fairness Act of

27
2005.  28 U.S.C. §§ 1332(d), 1446.  Pursuant to Federal Rule of

28
Civil Procedure 56, plaintiff and defendant both move for summary

1

1  judgment on plaintiff's wage statement claim.

2  I.    Factual and Procedural History

3          Plaintiff worked for defendant for two years, from July

4  10, 2012 through July 24, 2014, as a commission sales

5  representative.  (Garnett Decl. ¶ 2 (Docket No. 18-3).)

6  Plaintiff earned commissions based on the alarm systems and

7  services she sold to homeowners.  (Id.)  Plaintiff received a

8  training wage for her first sixteen weeks of employment and,

9  after that, was paid solely on commission.  (Id.)  Each week,

10 plaintiff received a commission statement from defendant

11 describing her sales for that week.  (Id. ¶ 4; see also id. Ex.

12 C, example sales production and commission statement.)  Defendant

13 would then pay plaintiff for her commissions via check and issue

14 a wage statement.  (Id. ¶ 4; see also id. Ex. D, example earnings

15 statement.)  The wage statements did not include the total number

16 of hours plaintiff worked.  (Id. ¶ 5.)

17          In her First Amended Complaint ("FAC"), plaintiff

18 brings claims for: (1) failure to adequately reimburse plaintiff

19 and other employees for expenses incurred from use of their

20 personal vehicles in the course of performing their jobs, Cal.

21 Labor Code § 2802; (2) unlawful business practices, Cal. Bus. &

22 Prof. Code § 17200; and (3) violations of the Private Attorney

23 General Act ("PAGA"), Cal. Labor Code § 2699 et seq.  (FAC ¶¶ 18-

24 29 (Docket No. 1).)  Both claims (2) and (3) are premised on a

25 failure to provide accurate itemized wage statements, Cal. Labor

26 Code § 226, and a failure to reimburse for work-related expenses,

27 Cal. Labor Code § 2802.

28          Plaintiff seeks restitution and equitable relief under

her second claim.  (FAC ¶ 26.)  In addition, plaintiff seeks both statutory penalties under California Labor Code section 226, which governs the furnishing of accurate wage statements to employees, and civil penalties under PAGA.  (Id. ¶ 28.) Plaintiff seeks penalties for the 34 wage statements that fall within section 226's one year statute of limitations.  (Workman Decl. ¶¶ 8, 10 (Docket No. 26-1).)

Plaintiff alleges in her FAC that she "gave written notice by certified mail to the California Labor and Workforce Development Agency and Defendant ADT, LLC, of Labor Code violations as prescribed by California Labor Code section 2699.3."  (FAC ¶ 29.)  She sent a notice of violation to the Labor and Workforce Development Agency ("LWDA") on October 1, 2014, (id.; Ahearn Decl. Ex. 12), a notice of cure on November 3, 2014, (FAC ¶ 29), and a supplementary notice of violations on May 18, 2015, (id.; Ahearn Decl. Ex. 13).  Plaintiff did not receive written notification from the LWDA that it intended to investigate plaintiff's allegations.  (FAC ¶ 29; Workman Decl. ¶ 11.)

II.  Evidentiary Objections

On a motion for summary judgment, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).  "[T]o survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56."  Fraser v. Goodale, 342 F.3d 1032, 1036–37 (9th Cir. 2003) (quoting Block v.

1  City of Los Angeles, 253 F.3d 410, 418-19 (9th Cir.2001))

2  (internal quotation marks omitted).  Even if the non-moving

3  party's evidence is presented in a form that is currently

4  inadmissible, such evidence may be evaluated on a motion for

5  summary judgment so long as the moving party's objections could

6  be cured at trial.  See Burch v. Regents of the Univ. of Cal.,

7  433 F. Supp. 2d 1110, 1119-20 (E.D.Cal.2006).

8       Defendant raises six evidentiary objections, objecting

9  to portions of two declarations submitted by plaintiff on grounds

10 of relevance, lack of foundation and personal knowledge, hearsay,

11 improper legal opinion or conclusion, and contradiction of prior

12 sworn testimony.  (Def.'s Obj.'s (Docket No. 31-1).)

13      Objections to evidence on the ground that the evidence

14 is irrelevant, speculative, or constitutes an improper legal

15 conclusion are all duplicative of the summary judgment standard

16 itself.  See Burch, 433 F. Supp. 2d at 1119-20.  A court can

17 grant summary judgment only when there is no genuine dispute of

18 material fact.  It cannot rely on irrelevant facts, and thus

19 relevance objections are redundant.  Instead of objecting,

20 parties should argue that certain facts are not material.

21 Similarly, statements based on speculation, improper legal

22 conclusions, or personal knowledge are not facts and can only be

23 considered as arguments, not as facts, on a motion for summary

24 judgment.  Instead of challenging the admissibility of this

25 evidence, lawyers should challenge its sufficiency.  Objections

26 on any of these grounds are superfluous, and the court will

27 overrule them.

28

4

1    The court declines to rule on the admissibility of

2   Exhibits F and G to Robin Workman's declaration or paragraph 11

3   of the declaration because it found it unnecessary to rely on

4   this evidence.[1]   The court overrules defendant's third objection

5   to paragraph 10 of Workman's declaration as it is confident that

6   plaintiff is capable of presenting this evidence in an acceptable

7   form at trial and defendant's objection will be cured.

8    Defendant's objections to plaintiff's deposition

9   testimony about whether she received hard copies of her wage

10  statements are overruled as moot.   This motion for summary

11  judgment concerns only defendant's failure to include total hours

12  worked on plaintiff's wage statements, not whether hard copies of

13  the wage statements were provided.   As a result, plaintiff's

14  testimony about how and when she received wage statements is

15  irrelevant to this Order.   Accordingly, defendant's objections

16  are overruled.

17  III.  Discussion

18    Summary judgment is proper "if the movant shows that

19  there is no genuine dispute as to any material fact and the

20  movant is entitled to judgment as a matter of law."  Fed. R. Civ.

21  P. 56(a).  A material fact is one that could affect the outcome

22  of the suit, and a genuine issue is one that could permit a

23  reasonable jury to enter a verdict in the non-moving party's

24  favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

25  _____

    [1]   There was no need for the court to rely on the payroll
26  registers or earning statements attached to Workman's declaration
    given that plaintiff attached an example commission and earning
27  statement to her own declaration.  (See Garnett Decl. Ex.'s C,
    D.)  Moreover, the fact that defendant failed to provide total
28  hours worked on plaintiff's wage statements is undisputed.

1    (1986).  The party moving for summary judgment bears the initial

2    burden of establishing the absence of a genuine issue of material

3    fact and can satisfy this burden by presenting evidence that

4    negates an essential element of the non-moving party's case.

5    Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

6    Alternatively, the moving party can demonstrate that the non-

7    moving party cannot produce evidence to support an essential

8    element upon which it will bear the burden of proof at trial.

9    Id.

10          Once the moving party meets its initial burden, the

11   burden shifts to the non-moving party to "designate 'specific

12   facts showing that there is a genuine issue for trial.'"  Id. at

13   324 (quoting then-Fed. R. Civ. P. 56(e)).  To carry this burden,

14   the non-moving party must "do more than simply show that there is

15   some metaphysical doubt as to the material facts."  Matsushita

16   Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

17   "The mere existence of a scintilla of evidence . . . will be

18   insufficient; there must be evidence on which the jury could

19   reasonably find for the [non-moving party]."  Anderson, 477 U.S.

20   at 252.

21          In deciding a summary judgment motion, the court must

22   view the evidence in the light most favorable to the non-moving

23   party and draw all justifiable inferences in its favor.  Id. at

24   255.  "Credibility determinations, the weighing of the evidence,

25   and the drawing of legitimate inferences from the facts are jury

26   functions, not those of a judge . . . ruling on a motion for

27   summary judgment . . . ."  Id.  On cross-motions for summary

28   judgment, the court "must review the evidence submitted in

support of *each* cross-motion [in a light most favorable to the non-moving party] and consider each party's motions on their own merits." Corbis Corp. v. Amazon.com, Inc., 351 F. Supp. 2d 1090, 1097 (W.D. Wash. 2004).

Both plaintiff and defendant move for summary judgment with respect to plaintiff's claim that defendant violated California Labor Code section 226(a) by failing to report hours worked on plaintiff's wage statements.

A. Notice and Exhaustion Requirements under PAGA

Under the California Labor Code, employers may be subject to liability for violations of the law in three ways. First, certain labor code provisions allow an individual to bring a private action for unpaid wages and statutory penalties. See, e.g., Cal. Labor Code § 203 (providing for statutory penalty for failure to pay wages due to an employee who quits or is discharged); see also Caliber Bodyworks, Inc. v. Superior Court, 134 Cal. App. 4th 365, 377-78 (2d Dist. 2005). The LWDA and its departments may also assess and collect civil penalties for violations of specified provisions of the Labor Code. See, e.g., Cal. Labor Code § 210; Caliber Bodyworks, 134 Cal. App. 4th at 370. Finally, under PAGA, individuals may bring a private action against an employer for violations of specific provisions of the Labor Code and recover civil penalties. See Cal. Labor Code § 2699(a); Thomas v. Home Depot USA Inc., 527 F. Supp. 2d 1003, 1006 (N.D. Cal. 2007).

Plaintiff seeks civil penalties under PAGA, Cal. Labor Code § 2699(f)(2), as well as statutory penalties under California Labor Code section 226(a). Subsection 2699(f)(2)

1 provides a civil penalty for "all provisions of this code except

2 those for which a civil penalty is specifically provided."  An

3 aggrieved employee who brings a PAGA claim seeking such penalties

4 must comply with certain pre-filing notice and exhaustion

5 requirements set forth in California Labor Code section 2699.3.

6 See Caliber Bodyworks, 134 Cal. App. 4th at 381.  The individual

7 must also plead compliance with those requirements.  Id. at 382.

8      The administrative requirements are laid out in

9 subdivision (a) of California Labor Code section 2699.3: the

10 aggrieved employee must "give written notice by certified mail to

11 the Labor and Workforce Development Agency and the employer of

12 the specific provisions of this code alleged to have been

13 violated, including the facts and theories to support the alleged

14 violation."  Id. § 2699.3(a)(1).  The employee may then bring a

15 civil suit containing a PAGA claim if: (1) she receives written

16 notice from the LWDA within thirty days that the agency does not

17 intend to investigate the alleged violation, or (2) thirty-three

18 days pass from the date the employee provided notice to the LWDA

19 and the LWDA does not respond.  Id. § 2699.3(a)(2).  The

20 requirements of subdivision (a) must be met where a plaintiff

21 alleges a violation of any Labor Code provision listed in Labor

22 Code section 2699.5.  Id. § 2699.3(a).  Plaintiff alleges a

23 violation of section 226(a), one of the provisions listed in

24 section 2699.5.

25      Although Labor Code section 2699.3(a) provides that "a

26 civil action by an aggrieved employee . . . alleging a violation

27 of any provision listed in Section 2699.5 shall commence only

28 after" exhausting pre-filing notice and exhaustion requirements,

8

1  Caliber Bodyworks recognized that a plaintiff's failure to

2  provide notice to the LWDA prior to commencing suit need not be

3  fatal to the plaintiff's PAGA claim if the plaintiff subsequently

4  satisfies the notice and exhaustion requirements and amends the

5  complaint accordingly.  See Caliber Bodyworks, 134 Cal. App. 4th

6  at 383 n.18 ("[P]laintiffs certainly may follow the

7  administrative procedures in section 2699.3, subdivision (a),

8  and, should the LWDA choose not to investigate or cite Caliber

9  based on the alleged violations, then request leave to amend the

10 first amended complaint to seek civil penalties.").

11      Federal courts applying PAGA have also excused strict

12 compliance with section 2699.3's notice and exhaustion

13 requirements and have considered a PAGA claim despite delayed

14 notice to the LDWA.  In Harris v. Vector Marketing Corp., the

15 plaintiff initially pled a PAGA claim in her FAC but failed to

16 send notice to the LWDA until almost six months later.  Civ. No.

17 08-5198 EMC, 2010 WL 56179, at *1-2 (N.D. Cal. Jan. 5, 2010).

18 Although the court ultimately denied the plaintiff's request for

19 leave to amend her complaint because the PAGA claim was time

20 barred, the court found that the delayed notice to the LWDA was

21 not dispositive.  Id. at *2.  The court explained that the

22 "obvious purpose of the notice to the LWDA is to give the agency

23 a timely opportunity to investigate the alleged violation."  Id.

24 "The bottom line is that [the employee] has now sent a PAGA

25 notice and furthermore has received a response from the state

26 agency.  While [the employer] could have moved to dismiss the

27 existing PAGA claim earlier based on the failure to exhaust, that

28 problem has now, in essence, been cured."  Id.

1      Similarly, in Hoang v. Vinh Phat Supermarket, Inc.,

2   this court denied defendant's motion to dismiss with regard to

3   plaintiffs' PAGA claim even though plaintiffs did not send

4   written notice of their PAGA claims to LWDA until a week after

5   filing their original complaint.  Civ. No. 2:13-00724 WBS DAD,

6   2013 WL 4095042, *8 (E.D. Cal. May 13, 2015).  Following their

7   letter of notice to LWDA, plaintiffs filed first and second

8   amended complaints.  Id. at *1.  This court explained that "there

9   is no indication that plaintiffs' notice--sent so soon after the

10  original Complaint was filed--precluded the LWDA from performing

11  its administrative function.  When plaintiffs filed the FAC, it

12  had been well over thirty-three days since they provided notice

13  to the LWDA."  Id. at *7.  As a result, the court held that

14  plaintiffs had cured the defects in complying with section

15  2699.3's notice requirements.  Id. at *8.

16      In Cardenas v. Mclane FoodServices, Inc., the court

17  found that the plaintiffs exhausted the administrative notice

18  requirements on their PAGA claims even though the notice letter

19  named thirty-seven specific plaintiffs but in the FAC they

20  asserted PAGA claims "on behalf of all 'aggrieved employees.'"

21  796 F. Supp. 2d 1246, 1259 (C.D. Cal. 2011).  The court found

22  that the plaintiffs provided "reasonably detail[ed] facts and

23  theories" that put LWDA on notice.  Id. at 1261.  LWDA responded

24  to plaintiffs' letter indicating that it would not investigate

25  and this decision would not have been impacted by the "addition

26  of a few plaintiffs."  Id. at 1260.  The court explained that "to

27  require employees who supply specific information in a notice-

28  providing letter to an agency to then draft new letters each time

10

1  they learned of future plaintiffs or additional facts would place

2  an enormous obstacle to pursuing PAGA claims and would require

3  employees to conduct what would amount to discovery prior to even

4  requesting an investigation." Id. at 1261-62.

5      Plaintiff sent her first notice letter to LWDA on

6  October 1, 2014 and, rather than waiting the required thirty-

7  three days, she filed her original Complaint the same day.

8  (Compl. (Docket No. 18-2).)  In the letter, she alleged that

9  defendant violated both California Labor Code sections 2802 and

10  226.  (Ahearn Decl. Ex. 12.)  However, her only "facts and

11  theories" were that defendant had failed to reimburse employees

12  for work-related expenses and failed to provide employees with

13  hard copies of their wage statements.  The notice letter also

14  described plaintiff's PAGA claims under California Labor Code

15  sections 2699(f) and 2699.5.  (Id.)  Plaintiff did not

16  specifically mention defendant's failure to include total hours

17  worked on her wage statements.  (Id.)

18      Thirty-three days later, on November 3, 2014, plaintiff

19  filed her FAC.  (FAC.)  Thus, as in Hoang, plaintiff cured the

20  administrative default by waiting the appropriate amount of time

21  from her notice letter before filing her amended complaint.  In

22  her FAC, plaintiff alleged that defendant failed to provide

23  plaintiff "with accurate wage statements as required by the Labor

24  Code . . . because, among other things, [d]efendant did not

25  provide hard copies of the statements."  (FAC ¶ 6.)  While the

26  FAC suggests there are other grounds for a wage statement

27  violation, aside from the hard copy issue, plaintiff again failed

28  to specifically identify her claim regarding the failure to

11

1    include total hours worked.

2              On May 18, 2015, six-and-a-half months after filing her

3    FAC, plaintiff sent a supplemental notice letter to LWDA.

4    (Ahearn Decl. Ex. 13.)  This letter clearly notified LWDA both of

5    the specific labor code provisions alleged to have been violated

6    and of plaintiff's allegation that defendant violated California

7    Labor Code section 226 by failing to "list hours worked on the

8    wage statements."  (Id.)  The LWDA did not respond to any of

9    plaintiff's notice letters.  (Workman Decl. ¶ 11 (Docket No. 26-

10   1).)

11             As in Harris and Hoang, plaintiff's notice did not

12   preclude LWDA from performing its administrative function.  The

13   purpose of the pre-filing notice requirements is to provide LWDA

14   with the opportunity to investigate the alleged violations.

15   Plaintiff put LWDA on notice of the alleged violations of Labor

16   Code section 226(a) prior to filing her FAC, even if she referred

17   only to the failure to provide hard copies of the wage statements

18   and not the failure to list hours worked.  Moreover, her

19   supplemental notice letter filed six-and-a-half months after her

20   FAC (the same amount of time as in Harris), more specifically put

21   LWDA on notice of the claim regarding hours worked.  Presumably,

22   LWDA had enough information on which to base an investigation,

23   had it desired to pursue one.  Lastly, plaintiff satisfied her

24   responsibility to plead compliance with the requirements of PAGA

25   in her complaint.  (FAC ¶ 29.)

26             Accordingly, the court finds that plaintiff cured the

27   defects in her conformance with section 2699.3's administrative

28   requirements.

1    B. <u>California Labor Code Section 226(a)'s Itemized Wage</u>

2       <u>Statement Requirements</u>

3       Under California Labor Code section 226(a), every

4 employer has an obligation "semimonthly or at the time of each

5 payment of wages" to provide employees with "an accurate itemized

6 statement in writing showing" nine critical payroll elements.

7 This includes the furnishing of "total hours worked by the

8 employee, except for any employee whose compensation is solely

9 based on a salary and who is exempt from payment of overtime

10 under subdivision (a) of Section 515 or any applicable order of

11 the Industrial Welfare Commission."  Cal. Labor Code § 226(a)(2).

12 Section 226 does not apply to governmental entities, <u>id.</u> §

13 226(i), or to certain employees employed by the owner or occupant

14 of a residential dwelling, <u>id.</u> § 226(d).

15       If an employee suffers injury "as a result of a knowing

16 and intentional failure by an employer to comply with subdivision

17 (a)," the employee is "entitled to recover the greater of all

18 damages or fifty dollars ($50) for the initial pay period in

19 which a violation occurs and one hundred dollars ($100) per

20 employee for each violation in a subsequent pay period, not to

21 exceed an aggregate penalty of four thousand dollars ($4,000),

22 and is entitled to costs and reasonable attorney's fees."  <u>Id.</u>

23 § 226(e)(1).

24    1. <u>The Outside Salesperson Exemption and Industrial</u>

25      <u>Welfare Commission Wage Order 4-2001</u>

26       Defendant contends it was not required to provide the

27 total hours worked on plaintiff's wage statements because

28 plaintiff was an exempt "outside salesperson," as defined by

Industrial Welfare Commission ("IWC") Wage Order 4-2001.  (Def.'s Mem. at 3 (Docket No. 21-1); Perlman Dep. at 159:8-9.)  This is a question of law that is appropriate for decision on summary judgment.

"The IWC is the state agency empowered to formulate regulations (known as wage orders) governing minimum wages, maximum hours, and overtime pay in the State of California." Ramirez v. Yosemite Water Co., 20 Cal. 4th 785, 795 (1999).  "The Legislature defunded the IWC in 2004, however its wage orders remain in effect."  Murphy v. Kenneth Cole Prods., Inc., 40 Cal. 4th 1094, 1102 n.4 (2007).  IWC wage orders are given "extraordinary deference, both in upholding their validity and enforcing their specific terms."  Martinez v. Combs, 49 Cal. 4th 35, 61 (2010).  "To the extent a wage order and a statute overlap, [courts] will seek to harmonize them, as . . . with any two statutes."  Brinker Rest. Corp. v. Superior Court, 53 Cal. 4th 1004, 1027 (2012).

Defendant points to Wage Order 4-2001 ("Wage Order") as evidence that plaintiff was exempt from section 226(a)'s itemized wage statement requirements.  Wage Order 4-2001 applies to professional, technical, clerical, mechanical, and other similar occupations but has a clear exemption for outside salespersons. Cal. Code Regs. tit. 8, § 11040(1)(C) ("The provisions of this order shall not apply to outside salespersons.").  For all non-exempt employees, subsection 7 of the Wage Order provides record requirements similar to those of California Labor Code section 226(a): it requires that employers "keep accurate information

with respect to each employee including . . . [t]ime records
showing when the employee begins and ends each work period. . . .
[m]eal periods, split shift intervals, and total daily hours
worked."  Id. § 11040(7)(A)(3).  In addition, "[t]otal hours
worked in the payroll period . . . shall be made readily
available to the employee upon reasonable request."  Id.
§ 11040(7)(A)(5).  The defendant argues that because outside
salespersons are exempt from the Wage Order's record requirements
they must also be exempt from the itemized wage statement
requirements of California Labor Code section 226(a)(2).

        In determining whether an exemption applies, "the
statutory provisions are to be liberally construed with an eye to
promoting [the] protection" and "benefit of employees."  Ramirez,
20 Cal. 4th at 794.  "Thus, under California law, exemptions from
statutory . . . provisions are narrowly construed."  Id.  "[T]he
assertion of an exemption . . . is considered to be an
affirmative defense, and therefore the employer bears the burden
of proving the employee's exemption."  Id. at 794-95.

        The only two cases defendant relies on in support of
its allegation that outside salespersons are exempt from section
226(a)(2) are Barnick v. Wyeth, 522 F. Supp. 2d 1257, 1261 (C.D.
Cal. 2007) and Dailey v. Just Energy Marketing Corp., Civ. No.
14-02012 HSG, 2015 WL 4498430, at *5 (N.D. Cal. July 23, 2015).
In Barnick, the court granted the defendant's motion for summary
judgment with respect to the plaintiff's overtime, meal and rest
break, and unfair competition claims because the plaintiff--a
pharmaceutical representative on the defendant's sales staff--was

15

1  found to be an exempt outside salesperson under IWC Wage Order 4-

2  2001.  522 F. Supp. 2d at 1264, 1261.  However, the plaintiff in

3  Barnick had conceded that his wage statement claim was barred by

4  the statute of limitations prior to moving for summary judgment.

5  Id.  As a result, this case is persuasive with respect to the

6  outside salesperson exception to overtime wages but provides no

7  guidance on the applicability of the exception to the itemized

8  wage statement requirements.

9       Moreover, overtime wages are addressed in Part 4,

10  Chapter 1 of the Labor Code, which opens by stating that the

11  "provisions of this chapter . . . shall not include any

12  individual employed as an outside salesman."  Cal. Labor Code

13  § 1171.  In contrast, section 226(a)'s itemized wage statement

14  requirements are located in Part 1, Chapter 1, which does not

15  have a parallel exception for outside salespersons.  See Cal.

16  Labor Code § 200.

17       Dailey is the only case defendant cites that grants

18  summary judgment with respect to an itemized wage statement claim

19  due to the outside salesperson exemption.  2015 WL 4498430, at

20  *5.  Dailey failed to address the very limited exception in

21  section 226(a)(2) for employees that are paid solely on salary

22  and exempt from overtime.  Instead, the court looked to the

23  outside salesperson exception in California Labor Code section

24  1171, which pertains to overtime, and Wage Order 4-2001.  Id. at

25  *2.  The court lumped together the plaintiff's meal and rest

26  break, overtime, minimum wage, and wage statement claims and

27  concluded that outside salespersons are exempt from all

28  California Labor Code protections.  Id.  To the extent that

1  Dailey can be read to say the outside salesperson exemption

2  applies to section 226(a)(2), this court disagrees.

3         In addition to offering little support from case law,

4  defendant fails to acknowledge the recent amendments to section

5  226(a)(2) that expanded, rather than restricted, the scope of the

6  total hours worked requirement.  Previously, section 226(a)(2)

7  required employers to provide the total hours worked only to

8  employees paid by the hour.  (Locker Decl. Ex. A, Bill Number: AB

9  2509, Introduced Bill Text, Feb. 24, 2000 (Docket No. 26-3).)

10  However, in 2000, Assembly Bill 2509 amended subsection 226(a) by

11  striking the language about employees "whose compensation is

12  based on an hourly wage" and making the requirement applicable to

13  "the employee, except for any employee whose compensation is

14  solely based on a salary and who is exempt from payment of

15  overtime."  (Id.)  The amendment purposefully expanded the scope

16  of the requirement and explicitly included an exception for

17  salaried workers exempt from overtime but not for outside

18  salespersons paid by commission.  While the usefulness of

19  reporting total hours worked for employees paid solely by

20  commission is not entirely clear, (see Rupp Decl. ¶¶ 11-12

21  (Docket No. 21-5); Def.'s Req. for J. Notice Ex. 4 (Docket No.

22  21-3)), it is nonetheless required by Labor Code section 226(a),

23  (see Locker Decl. ¶ 17).

24         In light of the clear statutory language and

25  legislative history of section 226(a) and the principle of

26  interpreting statutes with an eye towards protecting employees,

27  the court finds that plaintiff was not exempt from the itemized

28  wage statement requirements of California Labor Code section

17

1  226(a)(2).  While plaintiff likely qualifies as an outside

2  salesperson[2], Wage Order 4-2001 does not provide an additional

3  exception, not enumerated in the statute, to California Labor

4  Code section 226(a)(2).

5      2. Injury

6      If plaintiff is not exempt from California Labor Code

7  section 226(a)(2), defendant contends that plaintiff's motion for

8  summary judgment still should be denied and defendant's granted

9  because plaintiff failed to establish the elements for a section

10  226 violation.  "A claim for damages under Section 226(e)

11  requires a showing of three elements: (1) a violation of Section

12  226(a); (2) that is "knowing and intentional"; and (3) a

13  resulting injury."  Willner v. Manpower Inc., 35 F. Supp. 3d

14  1116, 1130-31 (N.D. Cal. 2014).

15      An employee "is deemed to suffer injury . . . if the

16  employer fails to provide accurate and complete information as

17  required by . . . subdivision (a) and the employee cannot

18  promptly and easily determine from the wage statement alone" the

19  information required to be provided pursuant to section 226(a).

20  Id. § 226(e)(2)(B).  Promptly and easily "means a reasonable

21

22      [2]   Determining whether an employee is an exempt outside
salesperson is "a mixed question of law and fact."  Ramirez, 20
23  Cal. 4th at 794.  "In classifying workers under the exemption,
the Court must apply a 'quantitative' approach that looks at
24  whether the employee spends more than fifty percent of his time
engaged in sales activities."  Barnick, 522 F. Supp. 2d at 1261.
25  It is clear that plaintiff spent more than fifty percent of her
time engaged in sales activity--her sole responsibility was
26  selling ADT products and services.  (Garnett Dep. at 59:13-25,
60:1-5, 62:21-24.)  In addition, she spent most of her time away
27  from the employer's place of business, driving to potential
customers' residences.  (See, e.g., id. at 61:19-24.)

person would be able to readily ascertain the information without reference to other documents or information." <u>Id.</u> § 226(e)(2)(C).

This statutory language was added to section 226 by Senate Bill 1255 in 2013 in order to "define what constitutes 'suffering injury'" and "provide clarity regarding the information that must be included in a workers wage statement." (Pl.'s Req. for J. Notice Ex. 1, Senate Comm. on Labor & Indus. Relations Hearing Report on SB 1255, Apr. 11, 2012 (Docket No. 26-4).) The amendment was a reaction to the "very restrictive and erroneous interpretation of what constitutes 'suffering injury'" that had been adopted by several state and federal courts. (<u>Id.</u>) "[T]hese courts found that there was no injury even though there was key payroll information either missing from, or reported incorrectly on, the workers' wage statements" because the plaintiffs failed to demonstrate actual injury, such as loss of wages. (<u>Id.</u>) The California legislators explained that "[s]uch an interpretation flouts the entire purpose of this provision, which is to ensure compliance so that workers can easily and adequately understand the breakdown and source of their pay." (<u>Id.</u> at Ex.2, Senate Judiciary Committee Report on SB 1255, Apr. 30, 2012.)

The amendment made clear that the "lack of each item of required information in and of itself could harm the employee." (<u>Id.</u> at Ex. 2, Senate Judiciary Committee Report on SB 1255, Apr. 30, 2012.) The California Rural Legal Assistance Foundation, the co-sponsor of the bill, stated that "employees benefit from this bill's affirmation that Labor Code section 226(a) means what it

19

1   says: Employees must get an itemized pay stub that contains

2   accurate and complete information about all nine of the required

3   pay-related information items, and the analysis of whether the

4   employee suffered injury is to be based solely on what

5   information the employer provided on the pay stub." (Id. at Ex.

6   4, Assembly Committee on Labor and Employment Hearing Report on

7   SB 1255, May 15, 2012 (emphasis added).)

8            Subsequent to the statutory modification, courts have

9   found that the "injury requirement should be interpreted as

10  minimal in order to effectuate the purpose of the wage statement

11  statute; if the injury requirement were more than minimal, it

12  would nullify the impact of the requirements of the statute."

13  Seckler v. Kindred Healthcare Operating Grp., Inc., Civ. No. 10-

14  01188 DDP, 2013 WL 812656, at *11 (C.D. Cal. Mar. 5, 2013).  An

15  employee is "deemed" injured so long as critical information is

16  missing from the wage statement and that information cannot

17  promptly and easily be determined.  See Seckler, 2013 WL 812656,

18  at *12 (finding "the minimal injury requirement has been met by

19  Plaintiffs' inability to determine whether they have been paid

20  appropriately" without the total number of hours worked); Boyd v.

21  Bank of America Corp., Civ. No. 13-0561 DOC, 2015 WL 3650207, at

22  *33 (C.D. Cal. May 6, 2015) (holding that the plaintiffs met the

23  "minimal" injury requirement under "because Plaintiffs have shown

24  that they could not readily determine the total hours worked and

25  applicable hourly pay, which made it difficult for them to

26  determine the amount of overtime worked"); Escano v. Kindred

27  Healthcare Operating Co., Inc., Civ. No. 09-04778 DDP, 2013 WL

28  816146, at *12 (C.D. Cal. Mar. 5, 2013) (finding that hourly

1  employees were injured by the employer's failure to provide their

2  total hours worked and rates of pay on their wage statements

3  because they were unable to determine whether they had been paid

4  appropriately).

5          Defendant argued at oral argument that the use of the

6  language "is deemed" in section 226(e)(2)(B) creates a rebuttal

7  presumption that an employee was injured by an employer's failure

8  to provide required payroll information.  The court disagrees.

9  If the legislators wanted to create a rebuttal presumption, the

10  statute could have been drafted to read "An employee <u>may be</u>

11  deemed to suffer injury if . . ." rather than "An employee <u>is</u>

12  deemed to suffer injury if the employer fails to provide accurate

13  and complete information as required by any one or more of items

14  (1) to (9) . . . ."  Cal. Labor Code § 226(e)(2)(B).

15          Plaintiff has satisfied the minimal injury requirement.

16  First, defendant does not dispute that it failed to include total

17  hours worked on plaintiff's itemized wage statements.  (Def.'s

18  Mem. at 3; Perlman Dep. at 158: 19-25.)  Thus, a critical payroll

19  item was absent from plaintiff's wage statements.  Second,

20  plaintiff could not "readily ascertain" her total hours worked

21  from her wage statement.  In her declaration, plaintiff stated:

> As the attached wage statement reflects, my hours
> worked were not set forth in any manner on my wage
> statements.  As I testified at my deposition, when I
> reviewed my wage statements during my employment with
> ADT this is a fact that I noticed, that there were no
> hours worked on my wage statements.  There was no way
> that I could tell from reviewing my wage statements, or
> any other documents that ADT provided to me how many
> hours that I worked during any pay period.

27  (Pl.'s Supp. Decl. ¶ 5 (Docket No. 26-2).)  Similarly, in her

28  deposition she explains that there were times when she would look

at her wage statement and notice that the hours were not listed. (Garnett Dep. at 151:6-13.)  Concededly, the court cannot discern any reason other than idle curiosity why this plaintiff would have needed or even wanted to know how many hours she worked. Nevertheless, that is not necessary for a finding of injury under the statute.  Whether an employee suffered injury is based solely on the information provided on the wage statement.

### 3. Knowing and Intentional

The employer's violation of section 226 must be "knowing and intentional."  Cal. Labor Code § 226(e)(1).  The violation is not knowing and intentional if it was "an isolated and unintentional payroll error due to a clerical or inadvertent mistake."  (Id. § 226(e)(3); see also Pl.'s Req. for J. Notice Ex. 4, Assembly Committee on Labor and Employment Hearing Report on SB 1255, May 15, 2012.)  A relevant factor that may be considered by the factfinder is "whether the employer, prior to the alleged violation, has adopted and is in compliance with a set of policies, procedures, and practices that fully comply with this section."  Id.

Section 226 is not a strict liability statute--"the phrase 'knowing and intentional' in Section 226(e)(1) must be read to require something more than a violation of Section 226(a) alone."  Willner v. Manpower Inc., 35 F. Supp. 3d 1116, 1130-31 (N.D. Cal. 2014).  "If the legislature had intended to allow an employee to recover damages for an employer's violation of Section 226(a) without having to make any showing beyond a showing of the Section 226(a) violation itself, then the legislature could simply have omitted the qualifier 'knowing and

22

intentional' before the word 'failure.'" Id.  The plaintiff must

demonstrate that the defendant "knew that facts existed that

brought its actions or omissions within the provisions of section

226(a)." Id. at 1131.  However, a plaintiff is not required to

demonstrate that the employer knew that its conduct was unlawful.

Id. at 1131; Perez v. Safety-Kleen Systems, Inc., Civ. No. 05-

5338 PJH, 2007 WL 1848037, at *9 (N.D. Cal. June 27 2007)

("Ignorance of the law, however, does not excuse Safety-Kleen.").

　　　　　To the extent that some district courts have found that

an employer can lack the necessary knowledge and intent if it had

a good faith belief that its employee was exempt from section

226, this court disagrees.  See Boyd, Civ. No. 13-0561 DOC, 2015

WL 3650207, at *34 (C.D. Cal. May 6, 2015); Lopez v. United

Parcel Serv., Inc., Civ. No. C08-05396, 2010 WL 728205, at *9

(N.D. Cal. Mar. 1, 2010); Guilfoyle v. Dollar Tree Stores, Inc.,

Civ. No. 12-00703 GEB CKD, 2014 WL 66740, at *7 (E.D. Cal. Jan.

8, 2014); Hurst v. Buczek Enterprises, LLC, 870 F. Supp. 2d 810,

829 (N.D. Cal. 2012); Rieve v. Coventry Health Care, Inc., 870 F.

Supp. 2d 856, 876-77 (C.D. Cal. 2012)).  As was articulated in

Novoa v. Charter Communications, LLC, the good faith defense

"stands contrary to the often repeated legal maxim: 'ignorance of

the law will not excuse any person, either civilly or

criminally.'" Civ. No. 1:13-1302 AWI BAM, 2015 WL 1879631, at

*14 (E.D. Cal. Apr. 22, 2015) (citation omitted).  Further, the

California Labor Code makes no mention of a good faith defense

and "refusal to recognize the judicially-created good faith

defense is more consistent with Section 226(e)(3)." Id.  For

example, section 226(e)(3) directs the court to consider whether

23

1   the employer had adopted a set of policies that complied with

2   section 226.  This would be irrelevant "[i]f an employer's belief

3   that it [wa]s in compliance with Section 226(a) were adequate to

4   render any violation not knowing and not intentional."  Id.

5        Defendant knew that it was not providing total hours

6   worked to plaintiff or other employees paid on commission.

7   (Def.'s Mem. at 10; Perlman Dep. at 158: 19-25.)  ADT's vice

8   president of total rewards, Howard Perlman, explained that

9   employees paid solely on commission or commission and salary "are

10   exempt and therefore we do not record hours on a wage statement."

11   (Perlman Dep. at 159:8-9.)  The exclusion was not due to an

12   accident, clerical error or mistake but was, and continues to be,

13   defendant's policy.  (Id.)  While defendant did not know that

14   excluding the total hours worked violated the California Labor

15   Code, that is no defense.  Therefore, the court finds that

16   defendant's failure to include total hours worked was both

17   knowing and intentional.

18   III. Conclusion

19        Though plaintiff may qualify as an "outside

20   salesperson," she was not properly classified as exempt from

21   California Labor Code section 226.  As a result, defendant

22   violated section 226(a)(2) by failing to provide total hours

23   worked on plaintiff's wage statements.

24        IT IS THEREFORE ORDERED that plaintiff's motion for

25   summary judgment (Docket No. 18) be, and the same hereby is,

26   GRANTED;

27        AND IT IS FURTHER ORDERED that defendant's partial

28   motion for summary judgment on plaintiff's itemized wage

1  statement claim (Docket No. 21) be, and the same hereby is,

2  DENIED.

3  Dated:   October 6, 2015

4  _____

WILLIAM B. SHUBB

5  UNITED STATES DISTRICT JUDGE