UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SHIRLEY GARNETT, on behalf of herself and all others similarly situated,<br><br>             Plaintiff,<br><br>     v.<br><br>ADT LLC, and Does 1 through 50, inclusive,<br><br>             Defendants. | CIV. NO. 2:14-02851 WBS DAD<br><br>ORDER |

----oo0oo----

   Plaintiff Shirley Garnett brought this putative class action against defendant ADT LLC, asserting claims arising out of the alleged failure to reimburse her and others for work-related expenses and failure to provide accurate wage statements required by California law.  On November 16, 2015, plaintiff filed a motion for class certification and the hearing was set for December 14, 2015.  Defendant now moves to continue the hearing date and briefing schedule on plaintiff's motion for class

1

certification.  In addition, defendant seeks an expansion of the limit on the number of depositions permitted under Federal Rule of Civil Procedure Rule 30.

I. <u>Extension of Time</u>

Under Federal Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend time."  Similarly, under Eastern District Local Rule 144(c), "[t]he court may, in its discretion, grant an initial extension" of time "<u>ex parte</u> upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary."

Defendant's counsel has submitted an affidavit that makes clear that the parties were unable to agree on a revised hearing date.  (Claxton Decl. ¶ 3 (Docket No. 40-2).)  Plaintiff agreed to give defendant until December 3, 2015 to oppose her motion for class certification but would not agree to any further delays.  (<u>See</u> Joint Stipulation (Docket No. 45); Pl.'s Opp'n at 4 (Docket No. 44).)

Defendant requests that the class certification hearing be continued so that it has time to depose the fourteen putative class members who submitted declarations in support of plaintiff's motion for class certification and plaintiff's expert witness, David Breshears.  (Def.'s Mot. at 1 (Docket No. 40).)  While plaintiff disclosed the names of thousands of putative class members and identified them as witnesses likely to have relevant information in her initial disclosures, defendant did not know which putative class members plaintiff would rely on

1  until plaintiff filed her motion for class certification and
2  attached declarations.  (Def.'s Mot. at 11, Ex. B at 3.)
3  Defendant has deposed several putative class members in the past
4  few weeks but has not had time to depose all fourteen.  (Joint
5  Stipulation at 1.)  Without an extension of time, defendant would
6  be unable to conduct all of its desired depositions before filing
7  its opposition on December 3, 2015.  (Def.'s Mot. at 10.)  The
8  court finds that this is sufficient to establish good cause.
9          Continuing the hearing for class certification will not
10 cause any significant delays in the case.  According to the
11 parties' joint stipulation regarding the case schedule, the
12 deadline for class certification motions is not until March 1,
13 2016 and discovery is open until January 25, 2016.  (Docket No.
14 20.)
15         Accordingly, the court finds that defendant has
16 established good cause and the December 14, 2015 hearing will be
17 continued until March 21, 2016 at 1:30 p.m.
18 II.  Additional Depositions
19         According to Federal Rule of Civil Procedure 30, a
20 "party must obtain leave of court, and the court must grant leave
21 to the extent consistent with Rule 26(b)(2)" if the parties have
22 not stipulated to the deposition and "the deposition would result
23 in more than 10 depositions being taken."  Fed. R. Civ. P.
24 30(a)(2)(A)(i).  The Advisory Committee Notes explain that the
25 two objectives of Rule 30 are to "emphasize that counsel have a
26 professional obligation to develop a mutual cost-effective plan
27 for discovery in the case" and "to assure judicial review under
28 the standards stated in Rule 26(b)(2) before any side will be

allowed to take more than ten depositions in a case without agreement of the other parties." Advisory Committee Notes for 1993 Amendments to Fed. R. Civ. P. 30. Federal Rule of Civil Procedure 26(b)(2) provides that the court may limit the extent of discovery otherwise allowed by the rules if it determines that the discovery is unreasonably cumulative or duplicative or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

Defendant requests an expansion of the limit on the number of depositions permitted under Rule 30 in order to depose all fourteen putative class members who submitted declarations and plaintiff's expert witness. Given the complexity of class actions and the number of putative class members who submitted declarations in support of plaintiff's motion for class certification, the court will grant defendant's request for additional depositions. The court therefore grants defendant permission to conduct twenty depositions.

IT IS THEREFORE ORDERED that the class certification hearing is continued from December 14, 2015 until March 21, 2016 at 1:30 p.m. and defendant is granted permission to take twenty depositions.

Dated: December 2, 2015

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4