UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY GARNETT, on behalf of herself and all other similarly situated, | No. 2:14-cv-2851 WBS AC (TEMP) |
| Plaintiff, | ORDER |
| v. | |
| ADT, LLC, | |
| Defendant. | |

On January 6, 2016, this matter came before the undersigned for hearing of plaintiff's motion to compel. Attorney Robin Workman appeared on behalf the plaintiff. Attorney Christopher Ahearn appeared on behalf of the defendant. Oral argument was heard and plaintiff's motion taken under submission.

In the parties' December 30, 2015 Joint Statement Regarding Discovery Disagreement, defendant argues simply that the discovery at issue had "been produced, was in the process of being produced," or was "otherwise in the control of a third party." (JS (ECF No. 68) at 4.) And, consistent with defendant's argument, at the January 6, 2016 hearing of plaintiff's motion to compel, plaintiff's counsel informed the court that the parties dispute regarding plaintiff's inspection demands nos. 11, 16, 17, 25, 44, 45 and 46, as well as plaintiff's special interrogatories nos. 26 and 27, had been resolved and were no longer before the court.

With respect to the matters that remain in dispute, plaintiff's inspection demand no. 43 seeks all documents depicting commuting miles traveled by defendant's sales representatives between October 1, 2010 and the present. (Id. at 5.) Defendant argues that "[t]his information is contained in ADT001328, which was produced on 10/2/15," (id. at 7), and plaintiff has not rebutted that assertion.

With respect to plaintiff's inspection demands nos. 47-81 and interrogatory no. 11, defendant argues that it "does not control these documents" and that these documents are instead controlled by a third party, Runzheimer International, Ltd., ("Runzheimer").[1] (JS (ECF No. 68) at 16.) And it is easily understood from a reading of some of these inspections demands why defendant may not be in control of any responsive documents. For example, plaintiff's inspection demand no. 59 seeks all documents "describing, regarding OR discussing how many samples . . . of the base vehicle chosen are included in the annual survey . . . conducted by Runzheimer." (Id. at 27) (emphasis added). It may well be that the defendant does not control any documents relating to an annual survey conducted by Runzheimer. Under such circumstances, however, defendant's response should reflect that the defendant has reviewed the documents in its control and found no responsive documents.

Moreover, with respect to some of these discovery requests it is far from apparent that the defendant would have no responsive documents in its control. For example, inspection demands nos. 47 and 48 seek reports, communications and data submitted *by defendant* to Runzheimer. (Id. at 17-18.) Inspection demand no. 56 includes a request for any documents reflecting comparisons done *by defendant* concerning IRS reimbursement rates. (Id. at 24.) Interrogatory no. 11 seeks the make and model of the personal vehicles driven by defendant's employees for work-related purposes from October 1, 2010 to the present. (Id. at 53.) Counsel for defendant indicated at hearing that some data provided by defendant's employees to Runzheimer was submitted electronically in a way that created no record retained by or accessible by defendant. If

---

[1] Defendant notes in support of its argument that it does not control these documents that it has also subpoenaed documents from Runzheimer and joined in plaintiff's motion to enforce a subpoena issued by plaintiff to Runzheimer in the Eastern District of Wisconsin. (JS (ECF No. 68) at 16.)

that is the case, defendant should have so specified in its discovery responses.  Certainly the requests call for documents that a defendant might well have in its control.  Again, defendants' responses are inadequate because they do not specify that defendant has reviewed the documents in its control and found no responsive documents.

Moreover, if defendant has identified responsive documents which it believes are privileged or otherwise protected from disclosure, it must comply with the requirements of Rule 26(b)(5)(A)(i)&(ii).  Defendants' blanket invocations of attorney-client privilege and work product protection are unavailing.

Accordingly, upon consideration of the arguments on file and at the hearing, and for the reasons set forth on the record at the hearing and above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 3, 2015 motion to compel (ECF No. 61) is denied as to inspection demand no. 43;

2. Plaintiff's December 3, 2015 motion to compel (ECF No. 61) is granted as to inspection demand nos. 47-81 and interrogatory no. 11; and

3. On or before January 19, 2016, defendant shall produce to plaintiff any responsive documents in defendant's control or provide a response to plaintiff confirming that the defendant has searched for such responsive documents and found none.

DATED: January 7, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE