UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SHIRLEY GARNETT, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADT LLC, and Does 1 through 50, inclusive,<br><br>　　　　Defendant. | CIV. NO. 2:14-02851 WBS AC<br><br>MEMORANDUM AND ORDER RE: DEFENDANT'S MOTIONS FOR RECONSIDERATION AND INTERLOCUTORY APPEAL |

----oo0oo----

Plaintiff Shirley Garnett brought this putative class action against defendant ADT LLC, asserting claims arising out of the alleged failure to reimburse her and others for work-related expenses and failure to provide accurate wage statements as required by California law. On October 6, 2015, the court granted plaintiff's partial motion for summary judgment on plaintiff's itemized wage statement claim and denied defendant's cross-motion for partial summary judgment. Pursuant to Federal

1

1  Rule of Civil Procedure 60(a), defendant now moves for
2  reconsideration.  (Docket No. 48.)  Defendant also moves for
3  certification of the court's October 6, 2015 Order for
4  interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and a stay
5  of the action pending appeal.  (Docket No. 49.)
6          To avoid repetition, the court will refrain from
7  reciting the factual and procedural background, which remains the
8  same as in its October 6, 2015 Order granting plaintiff's partial
9  motion for summary judgment and denying defendant's partial
10 motion for summary judgment.  (Oct. 6, 2015 Order (Docket No.
11 33).)
12 I.    Motion for Reconsideration
13         Under Rule 60(a) the court "may correct a clerical
14 mistake or a mistake arising from oversight or omission whenever
15 one is found in a judgment, order, or other part of the record."
16 Fed. R. Civ. P. 60(a).  In deciding whether a court may alter a
17 judgment pursuant to Rule 60(a), the Ninth Circuit "focuses on
18 what the court originally intended to do."  Blanton v. Anzalone,
19 813 F.2d 1574, 1577 (9th Cir. 1987); see also Tattersalls, Ltd.
20 v. DeHaven, 745 F.3d 1294, 1297 (9th Cir. 2014).  The Rule
21 "allows a court to clarify a judgment in order to correct a
22 failure to memorialize part of its decision, to reflect the
23 necessary implications of the original order, to ensure that the
24 court's purpose is fully implemented, or to permit enforcement."
25 Garamendi v. Henin, 683 F.3d 1069, 1079 (9th Cir. 2012) (citation
26 omitted).  The rule does not allow a court to "make corrections
27 that, under the guise of mere clarification, reflect a new and
28 subsequent intent because it perceives its original judgment to

                                2

be incorrect." Id. at 1080 (citation omitted); see also Blanton, 813 F.2d at 1577 n. 2 ("The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court changes its mind.").

Eastern District Local Rule 230(j) also provides that a party moving for reconsideration must demonstrate the "new or different facts or circumstances . . . claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Defendant argues that there are two oversights or omissions that justify the court's reconsideration of its summary judgment decision under Rule 60(a). First, defendant argues the court omitted important information or committed an oversight by allegedly interpreting California Labor Code section 226(a) in isolation, rather than harmonizing it with the record-keeping exceptions for outside salespersons in California Labor Code section 1171 and Industrial Welfare Commission ("IWC") Wage Order 4-2001. (Def.'s Mem. in Supp. of Mot. for Recons. ("Recons. Mem.") at 3 (Docket No. 47-1).) Even if the court erred in its interpretation of section 226(a), this is clearly not the sort of "clerical error" that could be corrected pursuant to Rule 60(a). Rather than highlighting an oversight or omission, defendant is improperly seeking a change in the court's statutory interpretation.

Furthermore, despite defendant's allegations, the court did not interpret section 226(a) in isolation. (See id. at 13-

18.)  To the contrary, the court closely examined the text of sections 226 and 1171, Wage Order 4-2001, and the legislative history of section 226(a).  This is because defendant made these same contentions in its summary judgment briefing.  Rather than demonstrating new or different facts or circumstances, as required by Local Rule 230(j), defendant simply utilized its motion for reconsideration as an opportunity to reiterate arguments previously presented to the court.

Second, defendant argues that the court should grant reconsideration because the October 6, 2015 Order did not specifically address Alcantar v. Hobart Service, 800 F.3d 1047 (9th Cir. 2015), in its discussion of the notice and exhaustion requirements under the Private Attorney General Act ("PAGA"), Cal. Labor Code § 2699.  (Recons. Mem. at 6.)  Not only does defendant fail to demonstrate that the court's omission of Hobart was a clerical error that warrants reconsideration under Rule 60(a) but it also fails to recognize the factual differences between Hobart and this case.  In Hobart, the Ninth Circuit affirmed the district court's ruling that the employer was entitled to summary judgment on the employee's PAGA claim because the letter the employee sent to the Labor and Workforce Development Agency ("LWDA") did not contain sufficient facts or theories to comply with the statute's notice requirements.  800 F.3d at 1056-57.  The employee's letter contained only "a string of legal conclusions with no factual allegations or theories of liability to support them."  Id. at 1057.

Hobart does not address the situation at issue in this case--when a plaintiff attempts to cure an administrative default

4

1  by filing an amended complaint and sending a supplementary letter
2  to the LWDA.  Unlike the cases cited in this court's October 6,
3  2015 Order, Hobart only addresses the factual sufficiency of an
4  employee's single letter to the LWDA.
5           In addition, as this court explained in the October 6,
6  2015 Order, the letters in this case contained sufficient facts
7  and theories to put LWDA on notice of the alleged violations of
8  section 226(a) and problematic practices of defendant.  (See Oct.
9  6, 2015 Order at 12; Ahearn Decl. Ex. A at 89-92 (Docket No. 21-
10 4).)  Plaintiff not only identified the specific sections of the
11 California Labor Code at issue but also described defendant's
12 policy of reimbursement for driving personal vehicles and the
13 problems with the wage statements.  (Id.)
14          Accordingly, because defendant failed to identify a
15 mistake or omission in the October 6, 2015 Order that warrants
16 correction, the court will deny defendant's motion for
17 reconsideration.
18 II.  Motion for Interlocutory Appeal
19          Under 28 U.S.C. § 1292(b), a district court may certify
20 for appeal an interlocutory order which is not otherwise
21 appealable if the district court is "of the opinion that such
22 order [1] involves a controlling question of law as to which [2]
23 there is substantial ground for difference of opinion and that
24 [3] an immediate appeal from the order may materially advance the
25 ultimate outcome of the litigation."  28 U.S.C. § 1292(b).  A
26 question of law is controlling if "resolution of the issue on
27 appeal could materially affect the outcome of litigation in the
28 district court" and it is not collateral to the major issues of

the case.  In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982).

The Ninth Circuit has held that § 1292(b) "is to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966).  It is "not intended merely to provide review of difficult rulings in hard cases." Id.  The party seeking to appeal therefore has the burden of justifying a departure from the basic policy of postponing appellate review until after the entry of a final judgment.  In re Cement, 673 F.2d at 1026.

In the court's experience, most motions for summary judgment involve a controlling question of law in the sense that deciding the issue in favor of the moving defendant would dispose of the case.  This case is no exception.  The first question of law raised by defendant is whether employers must provide the total hours worked on outside salespersons' wage statements.  (Def.'s Mem. in Supp. of Interlocutory Appeal at 5 (Docket No. 46-1).)  Defendant also questions "whether outside salespersons can pursue remedies for this alleged violation even though they suffered no injury, any failure to comply was not knowing and intentional, and they failed to satisfy PAGA's administrative exhaustion requirements."  (Id.)  If these issues were decided in defendant's favor, it would dispose of plaintiff's wage statement claim in this class action lawsuit.

In most seriously contested summary judgment motions there is also substantial ground for a difference of opinion. Filing a motion for summary judgment involves the expenditure of

attorney time and client resources.  Such motions are not generally pursued by competent attorneys unless there is a substantial basis to believe they may be granted.  The complexity of such motions is precisely why courts write lengthy opinions explaining their decisions.  This case, again, is no exception.  This case even involves novel issues that the Ninth Circuit has not yet addressed.

Third, whether an immediate appeal would materially advance the ultimate outcome of the litigation usually depends, of course, on whether the appeal is successful.  However, in this case, even if defendant is successful on appeal there will still be a pending claim against it.  Defendant argues that plaintiff's section 226(a) action comprises "the bulk of her claims" and an immediate appeal from this court's October 6, 2015 Order would materially advance the termination of litigation and prevent the waste of substantial judicial and party resources.  (Id. at 16.)  However, an interlocutory appeal would not affect plaintiff's separate reimbursement claim against defendant under California Labor Code section 2802.  As a result, permitting an interlocutory appeal would not resolve the case or avoid the time and expense of class-certification.  To the contrary, it would likely require continuing the trial date and prolonging the resolution of this case.

Furthermore, this is not the kind of "exceptional" situation in which the court should exercise its discretion to certify an interlocutory appeal.  It does not appear that the parties or potential witnesses will be unduly burdened in preparing this case for trial and trying it as scheduled.  The

7

court cannot conclude from the representations of counsel that the costs of preparing the case for trial from this point forward will be any greater than in the typical case.

IT IS THEREFORE ORDERED that defendant's motions for reconsideration and certification of this court's October 6, 2015 Order for interlocutory appeal be, and the same hereby are, DENIED.

Dated:  January 12, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE