1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10                                ----oo0oo----

11

12   SHIRLEY GARNETT, on behalf of        CIV. NO. 2:14-02851 WBS AC
     herself and all others
13   similarly situated,                   MEMORANDUM AND ORDER RE: MOTION
                                           FOR FINAL APPROVAL OF CLASS
14                  Plaintiff,             ACTION SETTLEMENT

15        v.

16   ADT, LLC, and DOES 1-50,
     inclusive,
17

18                  Defendants.

19

20                                ----oo0oo----

21

22            Plaintiff Shirley Garnett brought this putative class

23   action against defendant ADT, LLC, asserting claims arising out

24   of defendant's alleged failure to reimburse for work-related

25   vehicle expenses and failure to provide accurate wage statements

26   as required by California law.  Presently before the court is

27   plaintiff's motion for final approval of the class action

28   settlement, (Docket No. 87), and motion for attorney's fees,

                                      1

1  costs, and an incentive award for the named plaintiff, (Docket
2  No. 86).

3  I. Factual and Procedural Background

4          To avoid repetition, the court will refrain from
5  reciting the factual and procedural background, which remains the
6  same as in its October 6, 2015 Order granting plaintiff's partial
7  motion for summary judgment on plaintiff's itemized wage
8  statement claim and denying defendant's cross-motion for summary
9  judgment.  (Oct. 6, 2015 Order (Docket No. 33).)

10          The court granted preliminary approval of plaintiff's
11 class action settlement on April 18, 2016.  (Apr. 18, 2016 Order
12 (Docket No. 85).)  Plaintiff now seeks final approval of the
13 class-wide settlement pursuant to Federal Rule of Civil Procedure
14 23(e).  (Pl.'s Mot. for Final Approval ("Pl.'s Mot.") (Docket No.
15 87-1).)  Defendant does not oppose plaintiff's motions.

16 II. Discussion

17          Rule 23(e) provides that "[t]he claims, issues, or
18 defenses of a certified class may be settled . . . only with the
19 court's approval."  Fed. R. Civ. P. 23(e).  "Approval under 23(e)
20 involves a two-step process in which the Court first determines
21 whether a proposed class action settlement deserves preliminary
22 approval and then, after notice is given to class members,
23 whether final approval is warranted."  Nat'l Rural Telecomms.
24 Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 525 (C.D. Cal. 2004)
25 (citing Manual for Complex Litig., Third, § 30.41 (1995)).

26          The Ninth Circuit has declared a strong judicial policy
27 favoring settlement of class actions.  Class Plaintiffs v. City
28 of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992).  Nevertheless,

2

1  where, as here, "the parties reach a settlement agreement prior

2  to class certification, courts must peruse the proposed

3  compromise to ratify both the propriety of the certification and

4  the fairness of the settlement."  Staton v. Boeing Co., 327 F.3d

5  938, 952 (9th Cir. 2003).

6      A. Class Certification

7      A class action will be certified only if it meets the

8  four prerequisites identified in Rule 23(a) and additionally fits

9  within one of the three subdivisions of Rule 23(b).  See

10  Ontiveros v. Zamora, Civ. No. 2:08-567 WBS DAD, 2014 WL 3057506,

11  at *4 (E.D. Cal. July 7, 2014); Fed. R. Civ. P. 23(a)-(b).

12  Although a district court has discretion in determining whether

13  the moving party has satisfied each Rule 23 requirement, see

14  Califano v. Yamasaki, 442 U.S. 682, 701 (1979); Montgomery v.

15  Rumsfeld, 572 F.2d 250, 255 (9th Cir. 1978), the court must

16  conduct a rigorous inquiry before certifying a class, see Gen.

17  Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1982); E. Tex.

18  Motor Freight Sys. v. Rodriguez, 431 U.S. 395, 403–05 (1977).

19      1. Rule 23(a) Requirements

20      Rule 23(a) restricts class actions to cases where:

21      (1) the class is so numerous that joinder of all
    members is impracticable; (2) there are questions of
22    law or fact common to the class; (3) the claims or
    defenses of the representative parties are typical of
23    the claims or defenses of the class; and (4) the
    representative parties will fairly and adequately
24    protect the interests of the class.

25  Fed. R. Civ. P. 23(a).  These requirements are more commonly

26  referred to as numerosity, commonality, typicality, and adequacy

27  of representation.

28      In its Preliminary Approval Order, the court found that

3

1    the class satisfied these requirements, (Apr. 18, 2016 Order at

2    3-9), and the court is unaware of any changes that would alter

3    its analysis.

4              2. Rule 23(b)

5              An action that meets all the prerequisites of Rule

6    23(a) may be certified as a class action only if it also

7    satisfies the requirements of one of the three subdivisions of

8    Rule 23(b).  Leyva v. Medline Indus. Inc., 716 F.3d 510, 512 (9th

9    Cir. 2013).  Plaintiff seeks certification under Rule 23(b)(3),

10   which provides that a class action may be maintained only if (1)

11   "the court finds that questions of law or fact common to class

12   members predominate over questions affecting only individual

13   members" and (2) "that a class action is superior to other

14   available methods for fairly and efficiently adjudicating the

15   controversy."  Fed. R. Civ. P. 23(b)(3).

16             In its Preliminary Approval Order, the court found that

17   both prerequisites were satisfied.  (Apr. 18, 2016 Order at 9-

18   10.)  The court is unaware of any changes that would affect this

19   conclusion.  Accordingly, since the settlement class satisfied

20   both Rule 23(a) and 23(b)(3), the court will grant plaintiff's

21   motion for final certification of the settlement class.

22             3. Rule 23(c)(2) Notice Requirements

23             If the court certifies a class under Rule 23(b)(3), it

24   "must direct to class members the best notice that is practicable

25   under the circumstances, including individual notice to all

26   members who can be identified through reasonable effort."  Fed.

27   R. Civ. P. 23(c)(2)(B).  Rule 23(c)(2) governs both the form and

28   content of a proposed notice.  See Ravens v. Iftikar, 174 F.R.D.

651, 658 (N.D. Cal. 1997) (citing <u>Eisen v. Carlisle & Jacquelin</u>,
417 U.S. 156, 172–77 (1974)).  Although that notice must be
"reasonably certain to inform the absent members of the plaintiff
class," actual notice is not required.  <u>Silber v. Mabon</u>, 18 F.3d
1449, 1454 (9th Cir. 1994) (citation omitted).

In this case, the court-appointed claims administrator,
ILYM, mailed notice to 1,593 class members on May 9, 2016, after
checking the names and addresses against the National Change of
Address database maintained by the United States Postal Service
and updating any changed addresses.  (Mullins Decl. ¶¶ 7-8
(Docket No. 87-3).)  One hundred sixty notice packets were
returned and ILYM located updated addresses and re-mailed the
packets.  (<u>Id.</u> at ¶ 9.)  Only nine notices were deemed
undeliverable.  (<u>Id.</u>)

The notice explained the proceedings; defined the scope
of the class; informed the class members of the claim form
requirement and the binding effect of the class action; described
the procedure for opting out and objecting; and provided the time
and date of the final fairness hearing.  (<u>Id.</u> Ex. A, Notice.)  In
addition, the parties modified the text box on page two of the
notice entitled, "YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT,"
to make it clear that class members must submit a claim form in
order to receive a settlement check, pursuant to this court's
instructions at the preliminary approval hearing.  (<u>Id.</u> at 2;
Workman Decl. in Support of Pl.'s Mot. for Final Approval ¶ 7
(Docket No. 87-2).)

Accordingly, the court finds that the content of the
notice was reasonably certain to inform the class members of the

5

1  terms of the settlement agreement and the method used was the

2  best form of notice available under the circumstances.  See Fed.

3  R. Civ. P. 23(c)(2)(B); see also Churchill Vill., L.L.C. v. Gen.

4  Elec., 361 F.3d 566, 575 (9th Cir. 2004) ("Notice is satisfactory

5  if it 'generally describes the terms of the settlement in

6  sufficient detail to alert those with adverse viewpoints to

7  investigate and to come forward and be heard.'" (citation

8  omitted)).

9       B. Rule 23(e): Fairness, Adequacy, and Reasonableness of

10         Proposed Settlement

11          Having determined class treatment to be warranted, the

12  court must now determine whether the terms of the parties'

13  settlement appear fair, adequate, and reasonable.  See Fed. R.

14  Civ. P. 23(e)(2); Hanlon, 150 F.3d at 1026.  This process

15  requires the court to "balance a number of factors," including:

16          the strength of the plaintiff's case; the risk,
            expense, complexity, and likely duration of further
17          litigation; the risk of maintaining class action status
            throughout the trial; the amount offered in settlement;
18          the extent of discovery completed and the stage of the
            proceedings; the experience and views of counsel; the
19          presence of a governmental participant; and the
            reaction of the class members to the proposed
20          settlement.

21  Hanlon, 150 F.3d at 1026.

22          1. Strength of Plaintiff's Case

23          An important consideration is the strength of

24  plaintiff's case on the merits balanced against the amount

25  offered in the settlement.  DIRECTV, 221 F.R.D. at 526.  The

26  district court, however, is not required to reach any ultimate

27  conclusions on the merits of the dispute, "for it is the very

28  uncertainty of outcome in litigation and avoidance of

6

1   wastefulness and expensive litigation that induce consensual

2   settlements." <u>Officers for Justice v. Civil Serv. Comm'n of the</u>

3   <u>City & Cnty. of SF</u>, 688 F.2d 615, 625 (9th Cir. 2004).

4          The settlement terms compare favorably to the

5   uncertainties with respect to liability in this case.  If the

6   case had not settled, defendant would have opposed any class

7   certification request and continued to insist that it properly

8   reimbursed class members for all expenses incurred on the job.

9   (Pl.'s Mot. at 12.)  Defendant also disagreed with this court's

10  October 6, 2015 Order granting plaintiff partial summary judgment

11  on her wage statement claim, as was evidenced by defendant's

12  unsuccessful motion for reconsideration and motion for

13  certification of the Order for interlocutory appeal, (Docket Nos.

14  48-49), and made clear its intention to appeal any final judgment

15  in plaintiff's favor.  (Pl.'s Mot. at 12.)

16          In comparing the strength of plaintiff's case with the

17  proposed settlement, the court finds that the proposed settlement

18  is a fair resolution of the issues in this case.

19          2. <u>Risk, Expense, Complexity, and Likely Duration of</u>

20             <u>Further Litigation</u>

21          Further litigation could greatly delay resolution of

22  this case and increase expenses.  Prior to any judgment, the

23  parties would have had to litigate class certification, which

24  would have required additional discovery, time, and expense.

25  (<u>Id.</u> at 13.)  In addition, defendant planned to appeal any final

26  judgment in plaintiff's favor.  (<u>Id.</u>)  This weighs in favor of

27  settlement of the action.

28          3. <u>Risk of Maintaining Class Action Status Throughout</u>

<u>Trial</u>

If the case proceeded to trial, plaintiff would have a strong chance of certifying the class given the court's certification for the purposes of settlement.  Plaintiff, however, acknowledges a risk that defendant would have defeated class certification on the reimbursement claim.  (<u>Id.</u> at 12-13.) Accordingly, this factor also favors approval of the settlement.

4. <u>Amount Offered in Settlement</u>

In assessing the amount offered in settlement, "[i]t is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness." <u>Officers for Justice</u>, 688 F.2d at 628.  "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair."  <u>Id.</u>

The gross settlement amount in this case is $2.7 million and about $1.6 million of the total fund will be distributed to class members, after the incentive award, attorney's fees, and costs are deducted.  (<u>Id.</u> at 14.)  Each of the 831 class members who submitted a claim form will receive a settlement check based on the number of workweeks he or she was employed by defendant during the class period.[1]  (Mullins Decl. ¶ 11, Ex. A, Notice.)  The average amount class members will receive is $1,470.68 and the highest award is $4,280.01.  (<u>Id.</u>) Plaintiff's anticipated award is $1,552.39.  (<u>Id.</u>)  No money from

---

[1]    Sixty-nine class members submitted claim forms after the June 8, 2016 deadline but both parties agreed to accept the late claims.  (Suppl. Workman Decl. ¶ 2 (Docket No. 88-1).)

1   the class fund will revert to defendant and, as a result, the

2   claims administrator estimates that there will be $458,728.15

3   remaining for distribution after the 831 claims are paid.  (Id.;

4   Suppl. Mullins Decl. ¶ 3 (Docket No. 88).)  This amount will also

5   be distributed on a workweek basis and the average additional

6   amount each class member will receive is $552.  (Suppl. Mullins

7   Decl. ¶ 3.)

8          While the $2.7 million settlement is on the lower end

9   of the range of potential recovery for this case--the damage

10  calculation experts hired by plaintiff estimated that the range

11  is between $2.5 million and $11.7 million--class members will

12  receive substantial cash awards rather than coupons or nominal

13  awards.  (Pl.'s Mot. at 14.)  Class members will also be able to

14  avoid the significant risks and costs associated with further

15  litigation.  Accordingly, the settlement amount is adequate and

16  fair.

17          5. Extent of Discovery and the State of Proceedings

18          A settlement that occurs in an advanced stage of the

19  proceeding indicates the parties carefully investigated the

20  claims before reaching a resolution.  Alberto v. GMRI, Inc., Civ.

21  No. 07-1895 WBS DAD, 2008 WL 4891201, at *9 (E.D. Cal. Nov. 12,

22  2008).  The parties in this case conducted a significant amount

23  of discovery, took depositions, participated in two full

24  mediations, and fully briefed motions and cross-motions for

25  summary judgment before reaching a settlement.  (Pl.'s Mot. at

26  15.)  The parties' investigation of the claims through formal

27  discovery, informal discovery, and mediation weigh in favor of

28  settlement.

1      6. <u>Experience and Views of Counsel</u>

2          Plaintiff's counsel has extensive experience litigating

3    class actions, particularly those involving employment law and

4    wage and hour enforcement.  (Workman Decl. in Support of Pl.'s

5    Mot. for Final Approval ¶¶ 13-14.)  Based on her experience,

6    plaintiff's counsel believes the proposed settlement is fair,

7    reasonable, and adequate to the class members.  (<u>Id.</u> ¶ 9.)  The

8    court gives considerable weight to class counsel's opinions

9    regarding the settlement due to counsel's experience and

10   familiarity with the litigation.  <u>Alberto</u>, 2008 WL 4891201, at

11   *10.  This factor supports approval of the settlement agreement.

12      7. <u>Presence of Government Participant</u>

13          No governmental entity participated in this matter;

14   this factor, therefore, is irrelevant to the court's analysis.

15      8. <u>Reaction of the Class Members to the Proposed</u>

16         <u>Settlement</u>

17          Notice of the settlement was sent to 1,593 class

18   members and only seven class members submitted requests for

19   exclusion prior to the June 8, 2016 deadline.  (Mullins Decl. ¶

20   10.)  No class members have objected.  (<u>Id.</u>)  "It is established

21   that the absence of a large number of objections to a proposed

22   class action settlement raises a strong presumption that the

23   terms of a proposed class settlement action are favorable to the

24   class members."  <u>DIRECTV</u>, 221 F.R.D. at 529.  Accordingly, this

25   factor weighs in favor of the court's approval of the settlement.

26      9. <u>Conclusion</u>

27          Having considered the foregoing factors, the court

28   finds the settlement is fair, adequate, and reasonable pursuant

1   to Rule 23(e).

2       B. <u>Attorney's Fees</u>

3       Federal Rule of Civil Procedure 23(h) provides, "[i]n a

4 certified class action, the court may award reasonable attorney's

5 fees and nontaxable costs that are authorized by law or by the

6 parties' agreement."  If a negotiated class action settlement

7 includes an award of attorney's fees, that fee award must be

8 evaluated in the overall context of the settlement.  <u>Knisley v.</u>

9 <u>Network Assocs.</u>, 312 F.3d 1123, 1126 (9th Cir. 2002); <u>Monterrubio</u>

10 <u>v. Best Buy Stores, L.P.</u>, 291 F.R.D. 443, 455 (E.D. Cal. 2013)

11 (England, J.).  The court "ha[s] an independent obligation to

12 ensure that the award, like the settlement itself, is reasonable,

13 even if the parties have already agreed to an amount."  <u>In re</u>

14 <u>Bluetooth Headset Prods. Liab. Litig.</u>, 654 F.3d 935, 941 (9th

15 Cir. 2011).

16       Plaintiff's counsel requests $891,000 in attorney's

17 fees for 1,541.58 hours of attorney and paralegal work on this

18 case.  (Pl.'s Mot. for Att'y's Fees at 1 (Docket No. 86-1).)

19 Plaintiff also requests $87,534.60 in costs.  (<u>Id.</u> at 1.)  The

20 parties negotiated the agreed-upon attorney's fees and costs

21 after reaching an agreement on the total settlement fund amount.

22 (<u>Id.</u> at 10.)  Defendant agreed not to oppose a request for

23 attorney's fees that did not exceed 33% of the settlement and

24 costs that did not exceed $90,000.  (<u>Id.</u>)  The attorney's fees

25 requested by plaintiff constitute 33% of the total settlement

26 fund and are slightly above the lodestar figure of $829,533,

27 which plaintiff calculated based on hourly rates of $650 for

28 partners, $350 for associates, and $150 for paralegals.

1  Plaintiff's counsel submitted detailed time sheets justifying the

2  hours worked on this case.  (Workman Decl. to Mot. for Attn'y's

3  Fees Ex. B (Docket No. 86-5).)

4          While such substantial hourly rates might not have been

5  accepted by the court under different circumstances, the court

6  finds plaintiff's counsel's request for attorney's fees and costs

7  in the agreed-upon amount of $978,534.60 reasonable given her

8  exceptional handling of this case.  Plaintiff's counsel has

9  demonstrated exceptional advocacy skills both at the hearing for

10  the cross-motions for summary judgment and the preliminary

11  approval hearing.  Furthermore, plaintiff's counsel was able to

12  prevail on a highly contested issue on summary judgment and to

13  resolve the case in a manner that significantly benefits class

14  members.  Both because of plaintiff's counsel's able advocacy and

15  the substantial awards the class members will receive in this

16  case, the court will grant the requested fees and costs.

17          D.  Incentive Payment to Named Plaintiff

18          The court may award "reasonable incentive payments" to

19  named plaintiffs "to compensate class representatives for work

20  done on behalf of the class, to make up for financial or

21  reputational risk undertaken in bringing the action, and,

22  sometimes, to recognize their willingness to act as a private

23  attorney general."  Davis v. Brown Shoe Co., Inc., Civ. No. 1:13-

24  01211 LJO BAM, 2015 WL 6697929, at *11 (E.D. Cal. Nov. 3, 2015).

25  In assessing the reasonableness of incentive payments, the court

26  should consider "the actions the plaintiff has taken to protect

27  the interests of the class, the degree to which the class has

28  benefitted from those actions" and "the amount of time and effort

1    the plaintiff expended in pursuing the litigation." <u>Staton</u>, 327

2    F.3d at 977 (citation omitted).  The court must balance "the

3    number of named plaintiffs receiving incentive payments, the

4    proportion of the payments relative to the settlement amount, and

5    the size of each payment." <u>Id.</u>  In the Ninth Circuit, an

6    incentive award of $5,000 is presumptively reasonable.  <u>Davis</u>,

7    2015 WL 6697929, at *11.

8         The class representative in this case seeks an

9    incentive payment of $7,500.  (Pl.'s Mot. for Att'y's Fees at 6.)

10   While the award amount is higher than the $5,000 award found to

11   be presumptively reasonable in the Ninth Circuit, it is

12   proportionate to the substantial settlement awards the class

13   members stand to receive.  As discussed above, unlike in cases in

14   which class members receive nominal settlement awards, discounts,

15   or coupons, the class members in this case will receive an

16   average of $1,470.68, with a high of 4,280.01.  Plaintiff is

17   anticipated to receive an award of $1,552.39.  The requested

18   incentive award of $7,500 represents only 0.004% of the total

19   $1.6 million available for distribution to class members.

20        In addition, the award fairly compensates plaintiff for

21   the significant time and resources she committed to pursuing this

22   case and representing the class.  Plaintiff has dedicated at

23   least forty hours to this case--traveling from Stockton to San

24   Francisco to consult with and assist her attorney; traveling from

25   Stockton to Sacramento for her deposition; assisting in answering

26   document requests, interrogatories, and requests for admissions;

27   searching for documents and requested information; and making

28   herself available to answer any potential questions during the

1  depositions and mediation sessions.  (Garnett Decl. ¶ 10 (Docket

2  No. 80-2).)  In addition, plaintiff agreed to act as a private

3  attorney general under California Labor Code section 2698 and

4  risked her own reputation and future employment prospects by

5  bringing a suit against her former employer.  Lastly, plaintiff

6  also agreed to a more expansive release of all claims against

7  defendant than the other class members and a covenant not to sue.

8  (Suppl. Workman Decl. Ex. A, Joint Stipulation and Agreement of

9  Compromise and Settlement of Class Action ("Settlement

10 Agreement") ¶ 8.2.4 (Docket No. 81).)

11        The court therefore finds that the incentive payment is

12 reasonable and fairly compensates plaintiff for the work done on

13 behalf of the class and the financial and reputational risks

14 undertaken.

15 III. Conclusion

16        Based on the foregoing, the court grants final

17 certification of the settlement class and approves the settlement

18 set forth in the settlement agreement as fair, reasonable, and

19 adequate.  Consummation of the settlement agreement is therefore

20 approved.  The settlement agreement shall be binding upon all

21 participating class members who did not exclude themselves.

22        IT IS THEREFORE ORDERED that plaintiff's motions for

23 final approval of the class and class action settlement and for

24 reasonable attorney's fees, expenses, and an incentive award

25 (Docket Nos. 86, 87) be, and the same hereby is, GRANTED.

26        IT IS FURTHER ORDERED THAT:

27 (1)  solely for the purpose of this settlement, and pursuant

28      to Federal Rule of Civil Procedure 23, the court hereby

14

1    certifies the following subclasses:

2        -  Wage Statement Settlement Class: All employees who

3           worked as sales representatives for defendant from

4           October 1, 2010 to April 18, 2016.

5        -  Vehicle Expense Reimbursement Class: All employees

6           who worked as sales representatives for defendant

7           from October 1, 2010 to April 18, 2016 and employees

8           who worked for defendant as sales managers from July

9           1, 2013 to April 18, 2016.

10   Specifically, the court finds that:

11   (a)  the settlement class members are so numerous that

12        joinder of all settlement class members would be

13        impracticable;

14   (b)  there are questions of law and fact common to the

15        settlement class which predominate over any

16        individual questions;

17   (c)  claims of the named plaintiff are typical of the

18        claims of the settlement class;

19   (d)  the named plaintiff and plaintiff's counsel have

20        fairly and adequately represented and protected the

21        interests of the settlement class; and

22   (e)  a class action is superior to other available

23        methods for the fair and efficient adjudication of

24        the controversy.

25   (2)  the court appoints the named plaintiff, Shirley Garnett,

26        as representative of the class and finds that she meets

27        the requirements of Rule 23;

28   (3)  the court appoints Robin Workman and Aviva Roller,

1        Workman Law Firm, 177 Post Street, Suite 900, San

2        Francisco, CA, 94108, as counsel to the settlement class

3        and finds that counsel meet the requirements of Rule 23;

4   (4)  the settlement agreement's plan for class notice is the

5        best notice practicable under the circumstances and

6        satisfies the requirements of due process and Rule 23.

7        The plan is approved and adopted.  The notice to the

8        class complies with Rule 23(c)(2) and Rule 23(e) and is

9        approved and adopted;

10  (5)  having found that the parties and their counsel took

11       appropriate efforts to locate and inform all putative

12       class members of the settlement, and given that no class

13       members filed an objection to the settlement, the court

14       finds and orders that no additional notice to the class

15       is necessary;

16  (6)  as of the date of the entry of this Order, plaintiff and

17       all class members who have not timely opted out hereby do

18       and shall be deemed to have expressly waived and

19       relinquished all claims, charges, complaints, liens,

20       demands, causes of action, obligations, damages and

21       liabilities, that each class member had, now has, or may

22       hereafter claim to have against the released parties,

23       arising at any time during the settlement class period,

24       out of, or relating in any way to, the facts, legal

25       theories, and alleged causes of action in the present

26       case (as defined by paragraph 8.2.3 of the settlement

27       agreement);

28  (7)  plaintiff's counsel is entitled to fees and costs in the

16

1    amount of $978,534.60;

2    (8)   the named plaintiff is entitled to an incentive payment

3          of $7,500; and

4    (9)   this action is dismissed with prejudice; however, without

5          affecting the finality of this Order, the court shall

6          retain continuing jurisdiction over the interpretation,

7          implementation, and enforcement of the settlement

8          agreement with respect to all parties to this action and

9          their counsel of record.

10   The clerk is instructed to enter judgment accordingly.

11   Dated:   June 27, 2016

12   _____
     WILLIAM B. SHUBB
13   UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17